NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0362n.06

No. 24-1107

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ADAM DEAN BROWN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Aug 20, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: GILMAN, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

This case returns to us following remand after we vacated one of defendant Adam Brown's two life sentences for trafficking drugs that caused the overdose death of one person and serious bodily injury to another. Defendant takes issue with one component of the district court's resentencing procedure—its grouping of his five drug-related convictions under U.S.S.G. § 3D1.1. We affirm.

I.

Our prior opinion sets forth the facts underlying defendant's convictions and sentences. *United States v. Brown*, 2023 WL 1861318 (6th Cir. Feb. 9, 2023). In short, Brown sold fentanyl to two individuals struggling with opioid addiction; both overdosed and died (although Brown was charged with causing the death of only one). He was convicted of five drug crimes: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C.

§ 846, with a death-resulting enhancement (count one); two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C § 841 (counts three and four); distribution of a controlled substance, in violation of 21 U.S.C. § 841, with a death-resulting enhancement (count five); and distribution of a controlled substance, in violation of 21 U.S.C. § 841, with a serious-bodily-injury enhancement (count six). The district court imposed mandatory terms of life imprisonment on counts one and six, and 360 months on the remaining counts, all concurrent with each other. We affirmed his convictions and all but one of his sentences; following intervening circuit precedent, *United States v. Sadler*, 24 F.4th 515, 560 (6th Cir. 2022), we vacated Brown's mandatory life sentence for count one and remanded for a new trial solely concerning the imposition of an enhanced sentence for that count, *Brown*, 2023 WL 1861318, at *6.

The government declined to retry Brown on that discrete sentencing issue, and the district court proceeded to resentencing without the enhanced mandatory life sentence on count one. Of import and over Brown's objection, the district court, as part of its Guidelines calculations, grouped the five convictions under U.S.S.G. § 3D1.2(d). It then reimposed a mandatory life sentence for count six and imposed a sentence of 360 months' imprisonment on each of the remaining four counts, again all concurrent with each other. Brown appeals.

## II.

To determine a single base offense level, the Guidelines require courts to "group" a defendant's convictions when he is convicted of multiple similar offenses. U.S.S.G. § 3D1.1. Grouping both "provide[s] incremental punishment for meaningfully different criminal conduct" and "avoid[s] relying on the formalisms of a prosecutor's charging decision to punish the defendant two (or more) times for substantially identical conduct." *United States v. Bivens*, 811

F.3d 840, 842 (6th Cir. 2016) (internal quotation marks omitted).  Section 3D1.2 thus provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group," and it sets four ways in which this shall occur.

Pertinent here is the district court's application of subsection (d), which states that "[c]ounts involve substantially the same harm . . . [w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior."  § 3D1.2(d).  "[D]rug offenses," the application notes highlight, "are to be grouped together."  *Id.* § 3D1.2 cmt. n.6; *see also* § 3D1.2 (listing the drug-trafficking-base-offense-level section, § 2D1.1, among the Guideline sections to be grouped together).  Conspiracy counts should also be grouped together "if the offense that is the object of the conspiracy . . . is covered under subsection (d)."  *Id.* § 3D1.2 cmt. n.6.

The district court concluded that grouping under § 3D1.2(d) was appropriate because Brown's offenses—multiple convictions involving distributing opiates—were "ongoing or continuous in nature."  Brown participated in a conspiracy that trafficked heroin and fentanyl from October 2016 through December 2017, possessed heroin with intent to distribute in May and June 2017, distributed fentanyl that resulted in a death in October 2017, and distributed fentanyl that resulted in a serious bodily injury in January 2018.

We review the district court's legal interpretations de novo and its factual findings under the clear-error standard.  *United States v. Clark*, 11 F.4th 491, 493–94 (6th Cir. 2021).  After doing so, we discern no error meriting reversal.  The district court appropriately concluded that Brown's convictions—drug conspiracy, distribution, and possession with intent to distribute—"fall[] within the purview of section 3D1.2(d)."  *United States v. Miller*, 910 F.2d 1321, 1326 n.6 (6th Cir. 1990).

Brown resists this conclusion, pointing out that there exist differences in victims, dates, and co-defendants' involvement between his conspiracy conviction (count one) and his conviction for distribution of fentanyl that resulted in serious bodily injury (count six). Yet these arguments neither engage with the text of the Guidelines provision at issue nor address the district court's finding that Brown's offense conduct—trafficking heroin and fentanyl—"was ongoing or continuous in nature."

Moreover, as the government aptly notes and defendant tacitly concedes, "ungrouping Brown's five counts would result in the same guideline range." "Any error by the district court, in other words, would have had no effect on the ultimate sentence, and was thus harmless." *United States v. Faulkner*, 926 F.3d 266, 275 (6th Cir. 2019).

III.

For these reasons, we affirm the district court's judgment.